UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROY GARCIA, JR.,

    Petitioner,

v.                                           Case No:  2:17-cv-158-FtM-29MRM

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

    Respondents.

## OPINION AND ORDER

Pending before the Court is Petitioner Roy Garcia Jr.'s ("Petitioner") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 constructively filed on March 2, 2017.[1] (Doc. #1, "Petition").  Petitioner is confined within the Florida Department of Corrections and challenges his October 5, 2009 sentence and conviction, after jury trial, entered by the Twentieth Judicial Circuit Court in Lee County, Florida in case number 06-CF-19080. (Id. at 1-2).  The Court ordered Respondent, the Secretary of the

---

[1] Respondent submits that the Petition "reflects it has been docketed as of March 6, 2017." (Doc. #16 at 6).  The Court applies the "mailbox rule" to habeas petitions and considers a petition filed on the date the prisoner "delivers the [petition] to prison authorities for mailing." Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (citing Houston v. Lack, 487 U.S. 266, 275 (1988)).  Here the Petition was date-stamped as received by prison officials on March 2, 2017. (Doc. #1 at 1).  Consequently, the Court deems the Petition filed on this date, not March 6, 2017, when docketed.

Florida Department of Corrections, to show cause why the relief sought in the Petition should not be granted (Doc. #12). Respondent filed a Limited Response (Doc. #16) asserting that the Petition must be dismissed as time-barred because it was filed beyond the one-year period of limitations set forth in 28 U.S.C. § 2244(d)(1)(A). Petitioner elected not to file a reply to the Limited Response despite being afforded an opportunity to do so. (See Doc. #18). Based upon a careful review of the pleadings and record, the Court finds that the Petition is subject to dismissal a time-barred.

## I.  Procedural History

On October 6, 2006, the State charged Petitioner in a six-count information with: Second Degree Murder (Count 1); Armed Robbery (Count 2); Attempted Second Degree Murder (Count 3); Aggravated Assault on a Law Enforcement Officer (Count 4); Aggravated Assault on a Law Enforcement Officer (Count 5); and Wanton Fleeing and Eluding (Count 6). (Ex. 1 at 10-14).[2] After a jury trial, Petitioner was found guilty as charged on all counts; and, on October 5, 2009 was sentenced to mandatory life in prison, all counts to run concurrent. (Ex. 1 at 291-307). On April 27, 2011, the Second District Court of Appeal affirmed Petitioner's conviction and sentence. (Ex. 6). Petitioner did not file a

---

[2] The Court will refer to the paper exhibits filed by Respondent on May 31, 2018 (Doc. #17) as "Ex._."

petition for writ of certiorari with the United States Supreme Court.

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 on February 24, 2012; and, after being directed by the postconviction court, an amended Rule 3.850 motion for postconviction relief on May 10, 2012. (Ex. 7 at 1-18; Ex. 8 at 1-13). The postconviction court granted an evidentiary hearing on several grounds, (Ex. 9 at 5-8), and entered a final order denying all relief on April 21, 2014. (Ex. 11 at 1-8). Petitioner improperly filed a notice of appeal with the state postconviction court on May 21,2014. (Ex. 12 at 10). Thereafter, on October 20, 2014, Petitioner filed a petition for belated appeal with the state appellate court. (Ex. 14 at 1-6). After a commissioner's hearing, the state appellate court granted Petitioner's petition for belated appeal on July 6, 2015. (Ex. 15 at 10. The state appellate court *per curiam* affirmed the denial of Petitioner's amended Rule 3.850 motion (Ex. 19), and mandate issued on January 19, 2017 in case no. 2D15-3101. (Ex. 20 at 1). As noted, Petitioner constructively filed his Petition in this Court on March 2, 2017.

## II. Analysis

**A. A 28 U.S.C. § 2254 federal habeas corpus petition is subject to a one-year statute of limitation**

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. This limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, Petitioner does not allege, nor does it appear from the pleadings or record, that the statutory triggers set forth in §§ 2244(d)(1)(B)-(D) apply. Therefore, the statute of limitations is measured from the remaining statutory

trigger, which is the date on which Petitioner's conviction became final. 28 U.S.C. §§ 2244(d)(1)(A).

**B. Petitioner's federal habeas corpus petition is untimely under 28 U.S.C. § 2244(d)(1)(A)**

Petitioner timely filed a direct appeal as provided by Florida Rule of Appellate Procedure 9.140 (providing a defendant in a criminal case with 30 days to file a notice of appeal), which was denied by the State appellate court on April 27, 2011. Thus, Petitioner's conviction and sentence became final on Wednesday, **July 27, 2011**, ninety days after the State court's entry of its denial since Petitioner did not petition for a writ of certiorari. Gonzalez v. Thaler, 565 U.S. 134, 150 (2012)(where petitioner elects not to seek direct review by the Supreme Court his judgment is not considered final until the time for seeking such review expires); Rules of the Supreme Court of the United States, R. 13(3) (90-day period commences upon the date of entry of order not mandate); Chavers v. Sec'y. Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006) (One-year statute of limitations established by AEDPA began to run ninety days after Florida appellate court affirmed habeas petitioner's conviction).

Consequently, the federal limitations period commenced on **July 28, 2011**,[3] and expired one-year later on July 28, 2012, absent

---

[3] Respondent incorrectly identifies July 27, 2011 as the date the one-year window under AEDPA commences. (Doc. #16 at 3).

tolling. San Martin v. McNeil, 633 F.3d 1257, 1266 (11th Cir. 2011) (applying Fed. R. Civ. P. 6(a)(1) in computing AEDPA's one-year limitation period to begin to run from the day after the day of the event that triggers the period); Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (AEDPA's one year "limitations period should be calculated according to the 'anniversary method,' under which the limitations period expires on the anniversary of the date it began to run.") (citing Ferreira v. Sec'y Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).

The one-year AEDPA clock is "tolled during times in which a 'properly filed' application for state post-conviction relief is 'pending.'" Green v. Sec'y, Dep't of Corr., 877 F.3d 1244, 1247 (11th Cir. 2017)(citations omitted); see also 28 U.S.C. § 2244(d)(2)("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

A period of **211** days elapsed on AEDPA's clock before Petitioner filed his first postconviction motion, his Rule 3.850 motion (Ex. 7 at 1-18), which was delivered to correctional officials for mailing on February 24, 2012. The postconviction court entered a final order denying the rule 3.850 motion, as amended, on April 21, 2014. (Ex. 11). Because Petitioner did not properly file a timely appeal, the AEDPA clock began running again

on May 21, 2014, when the 30-day time period[4] for seeking an appeal under Florida law expired. See Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (A state post-conviction petition remains pending for purposes of AEDPA during the time between a lower court's adverse ruling on the petition and the petitioner's filing of a timely notice of appeal). Despite Petitioner improperly filing his notice of appeal, he is still afforded the time provided by Florida law to perfect the appeal for AEDPA purposes. See Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006) (clarifying that when a petitioner does not file a notice of appeal, a state post-conviction petition nonetheless remains pending for purposes of AEDPA's tolling provision during the time in which the petitioner could have filed a timely notice of appeal under state law).

Another **152** days elapsed on AEDPA's clock until Petitioner lodged his petition for a belated appeal on October 20, 2014, which the Second District Court of Appeal granted on July 6, 2015. (Ex. 15). Thus, even though Petitioner was afforded permission to file a belated appeal, the statutory limitations period is not retroactively tolled by the belated appeal. Mashburn v. Comm'r, Alabama Dep't of Corr., 713 F. App'x 832, 836-37 (11th Cir. 2017). Consequently, Petitioner does not receive credit for the period of

---

[4] Fla. R. Crim Pro 3.850(k).

time between the expiration of appeal period for his Rule 3.850 motion (May 21, 2014) and the time he filed his petition seeking leave to file a belated appeal (October 20, 2014). McMillian v. Sec'y for the Dep't of Corr., 257 F. App'x 249, 253 (11th Cir. 2007) (*per curiam*); see also, Moore v. Crosby, 321 F.3d 1377, 1380 (11th Cir. 2003)(The granting of an out-of-time appeal "does not revive the time during which no state collateral petition was pending before the state court."). This is because "a petition for belated appeal is not an application for collateral review within the meaning of section 2244(d)." Danny v. Sec'y, Fla. Dep't of Corr., 811 F.3d 1301, (11th Cir. 2016) (applying Espinosa v. Sec'y, Fla. Dep't of Corr., 804 F.3d 1137 (11th Cir. 2015)).

Petitioner's appeal of the denial of his Rule 3.850 motion remained pending until January 19, 2017, when mandate issued. (Ex. 20). "In Florida, a state post-conviction motion is pending until the appropriate appellate court issues the mandate for its order affirming a state trial court's denial of the motion." Woulard v. Sec'y, Dep't of Corr., 707 F. App'x 631, 633 (11th Cir. 2017).

Another **42** days elapsed on the AEDPA clock until Petitioner constructively filed his Petition on March 2, 2017, when it was delivered to correctional officials for mailing. However, by this time the federal limitations period had expired by 40 days (211 + 152 + 42 = 405). Consequently, the Petition is untimely.

**C. Petitioner is not entitled to equitable tolling**

The Supreme Court has recognized that the period specified in 28 U.S.C. § 2244 "is a statute of limitations, not a jurisdictional bar," and thus, a petitioner may be entitled to "equitable tolling in an appropriate case." Cole v. Warden, Georgia State Prison, 768 F.3d 1150, 1157 (11th Cir. 2014) (citing Holland v. Florida, 560 U.S. 631, 645 (2010)). To be entitled to equitable tolling a petitioner must show that "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (internal quotation marks omitted). The assessment of equitable tolling is made "on a case-by-case" basis, considering "specific circumstances" and "decisions made in similar cases for guidance." Hutchinson v. Florida, 677 F.3d 1097, 1098 (11th Cir. 2012). Because equitable tolling is an extraordinary remedy, it is "limited to rare and exceptional circumstances and typically applied sparingly." Cadet v. Fla. Dep't of Corr., 742 F.3d 473, 477 (11th Cir. 2014) (internal quotation marks omitted).

Petitioner contends that his Petition was filed within AEDPA's limitation period in his Petition. (Doc. #1 at 24, ¶ 18). Respondent filed a Limited Response on April 2, 2018 seeking dismissal of the Petition as time-barred (Doc. #16), and this Court advised Petitioner that he could file a reply to address the Response if he wished. (See Doc. #18). As of the date of this

Order Petitioner has not filed a reply and the Court independently finds no reason in the record to excuse Petitioner from the time bar.

Based on the foregoing, the Court concludes that Petitioner is not entitled to statutory or equitable tolling. As a result, the Petition is dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

### III. Certificate of Appealability

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (citations omitted). Petitioner has not made the requisite showing in these circumstances and is not entitled to a certificate of appealability. Because he is not entitled to a COA, he is not permitted to proceed *in forma pauperis*.

Accordingly, it is hereby

**ORDERED:**

1. The Petition (Doc. #1) is **DISMISSED WITH PREJUDICE** as time-barred.

2. Petitioner is **DENIED** a Certificate of Appealability. To the extent Petitioner wishes to appeal and cannot afford the filing fee, he must file his application to proceed *in forma pauperis* on appeal to the United States Court of Appeals for the Eleventh Circuit.

3. The Clerk of the Court is directed to enter judgment accordingly, terminate any pending motions, and close this case.

**DONE and ORDERED** at Fort Myers, Florida, this ___13th___ day of August, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:
Counsel of Record